1  BARBARA A. FITZGERALD, State Bar No. 151038
   bfitzgerald@morganlewis.com
2  JOHN H. DOLAN, State Bar No. 244668
   jdolan@morganlewis.com
3  MORGAN, LEWIS & BOCKIUS LLP
   300 South Grand Avenue
4  Twenty-Second Floor
   Los Angeles, CA 90071-3132
5  Tel:  213.612.2500
   Fax:  213.612.2501
6
7  Attorneys for Defendants
   JPMORGAN CHASE & CO., (erroneously sued
   herein as JP MORGAN CHASE),
8  JPMORGAN CHASE BANK, N.A., and
   CHRISTOPHER BYARS
9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| KATHLEEN TAYLOR,<br><br>    Plaintiff,<br><br>vs.<br><br>JP MORGAN CHASE, a corporation, JP MORGAN CHASE BANK, N.A., CHRISTOPHER D. BYARS, an individual, and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No. SACV 09-0498 JVS (PJWx)<br><br>**STIPULATION AND ORDER REGARDING CONFIDENTIALITY**<br><br>Dept.:  10C<br>Judge:  Judge Patrick J. Walsh |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21241369.1

[PROPOSED] ORDER RE
CONFIDENTIALITY
CASE NO. SACV 09-0498 JVS (PJWx)

Plaintiff Kathleen Taylor and Defendants JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., and Christopher D. Byars. (collectively, "Defendants"), by and through their respective counsel of record, hereby stipulate and agree that the following provisions of this Stipulation Regarding Confidentiality (the "Stipulation") shall govern the handling and designation of information and documents produced or provided in this action by Defendants to Plaintiff or her counsel, or by Plaintiff to Defendants or their counsel:

1. **Designation of Discovery Materials as Confidential.** A party may designate documents, testimony, and information produced during the course of discovery as Confidential Information, as set forth below:

    (a) The designation of Confidential Information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY," or similar designation. Documents produced prior to this Stipulation may be designated as Confidential Information either by producing the documents again with the word "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY," or similar designation, or by identifying the document by its control number within 30 days of the full execution of this Stipulation. One who provides material may designate it as confidential only when such person in good faith believes it contains sensitive personal information, personnel information, trade secrets or other confidential research, development, or commercial information. Except for documents produced for inspection at the party's facilities, the designation of Confidential Information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing Confidential Information will then be marked confidential after copying but before

1  delivery to the party who inspected and designated the documents. There will be no
2  waiver of confidentiality by the inspection of confidential documents before they
3  are copied and marked confidential pursuant to this procedure. The parties
4  anticipate that the designation "CONFIDENTIAL-ATTORNEYS' EYES ONLY"
5  will be used sparingly if at all.

6          (b)     Portions of depositions of a party's present and former officers,
7  directors, employees, agents, experts, and representatives shall be deemed
8  confidential only if they are designated as such when the deposition is taken or
9  within five business days after receipt of the transcript. All deposition transcripts
10 shall be treated by default as "CONFIDENTIAL" for the first five days business
11 days after receipt of the transcript, if not previously designated otherwise or agreed
12 in writing thereafter. This default designation for the first ten days business days
13 after receipt of the transcript shall not alter any previous designation made by the
14 parties to the deposition, *i.e.*, if a deposition is, in whole or in part, designated as
15 "CONFIDENTIAL-ATTORNEYS' EYES ONLY" at the deposition, it shall
16 remain designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY." Any
17 testimony which describes a document which has been designated as
18 "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" as
19 described above, shall also be deemed to be designated as "CONFIDENTIAL" or
20 "CONFIDENTIAL—ATTORNEYS' EYES ONLY," respectively.

21         (c)     Information or documents designated as "CONFIDENTIAL" or
22 "CONFIDENTIAL—ATTORNEYS' EYES ONLY" under the Order Regarding
23 Confidentiality Of Discovery Material (hereinafter "Order") entered pursuant to this
24 Stipulation shall not be used or disclosed by the parties or counsel for the parties or
25 any persons identified in subparagraphs (d) and (e) below for any purposes
26 whatsoever other than preparing for and conducting the litigation in which the
27 information or documents were disclosed (including appeals).
28

      (d)    Documents or information designated as "CONFIDENTIAL" shall not be disclosed to any person except to:

           (i)    the Court, including court reporters, stenographic reporters and other court personnel;

           (ii)    counsel of record and other counsel for the parties, counsel's employees, contractors and agents who have been actively engaged in the conduct of this litigation, and in-house counsel for JPMorgan Chase & Co. and/or JPMorgan Chase Bank, N.A.;

           (iii)    parties to this litigation who have first consented in writing, by executing Exhibit A of the Order, to be bound by the Order, including the obligation to not disclose such Confidential Information to any person or entity other than those listed in this subparagraph (d);

           (iv)    employees of JPMorgan Chase & Co. and/or JPMorgan Chase Bank, N.A., as necessary for the defense of this action, who have first consented in writing, by executing Exhibit A of the Order, to be bound by the Order, including the obligation to not disclose such Confidential Information to any person or entity other than those listed in this subparagraph (d);

           (v)    experts retained by parties or their counsel for the purpose of assisting in the prosecution or defense of this litigation who have first consented in writing, by executing Exhibit A of the Order, to be bound by the Order, including the obligation to not disclose Confidential Information to any person or entity other than those listed in this subparagraph (d);

           (vi)    professional vendors retained by parties or their counsel for the purpose of providing litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; professional jury and/or trial consultation services; trial technology services; graphic design services; etc.);

1      (vii)   fact witnesses or potential fact witnesses, as needed in the preparation and trial of the lawsuit, except that a recipient of Confidential Information may not provide any fact witness or potential fact witness with a copy of the Confidential Information to review, possess, retain or copy, without the witness having first consented in writing, by executing Exhibit A of the Order, to be bound by the Order, including the obligation to not disclose such Confidential Information to any person or entity other than those listed in this subparagraph (d). The recipient who discloses Confidential Information to any fact witness or potential fact witness, whether or not such witness is permitted to possess, retain, or copy the Confidential Information, shall maintain a list specifically identifying the witness to whom the information was disclosed and the Bates number and/or other means sufficient to identify such information disclosed;

(viii)   the author or any recipient of the document or the original source of the information, or other witnesses who have already received a copy of the Confidential Information directly or indirectly from the author or other recipient of the document or the original source of the information as evident from the face of the material; and

(ix)   any other person as to whom the producing party agrees in writing.

(e)   Documents or information designated as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall not be disclosed to any person except to:

(i)   the Court, including court reporters, stenographic reporters and other court personnel;

(ii)   counsel of record and other counsel for the parties, counsel's employees, contractors and agents who have been actively engaged in the conduct of this litigation, and in-house counsel for JPMorgan Chase & Co. and/or JPMorgan Chase Bank, N.A.;

      (iii) experts retained by parties or their counsel for the purpose of assisting in the prosecution or defense of this litigation who have first consented in writing, by executing Exhibit A of the Order, to be bound by the Order, including the obligation to not disclose Confidential Information to any person or entity other than those listed in this subparagraph (d);

      (iv) professional vendors retained by parties or their counsel for the purpose of providing litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; professional jury and/or trial consultation services; trial technology services; graphic design services; etc.);

      (v) the author or any recipient of the document or the original source of the information, or other witnesses who have already received a copy of the Confidential Information directly or indirectly from the author or other recipient of the document or the original source of the information as evident from the face of the material; and

      (vi) any other person as to whom the producing party agrees in writing.

  (f) Notwithstanding any other provisions of the Order, it has no effect upon, and its scope shall not extend to, any party's use of its own files or its own Confidential Information.

  (g) Except as provided in subparagraphs (d) and (e) above, counsel for the parties shall keep all documents designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" which are received under the Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

  (h) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES

ONLY" under the Order or any portion thereof, shall be immediately affixed with the words "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" if those words do not already appear. However, if the original or control set of documents were not so marked, they need not be if they are segregated and marked as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" as a file.

2. Confidential Information Filed with Court. To the extent that any materials subject to the Order (or any pleading, motion or memorandum referring to them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses Confidential Information, shall be filed under seal (by the filing party) with the Clerk of the Court in an envelope marked "SEALED PURSUANT TO ORDER OF COURT DATED _____", together with a simultaneous application pursuant to L.R. 79-5 (hereinafter the "Interim Sealing Application"). The Interim Sealing Application shall be governed by L.R. 79-5. Even if the filing party believes that the materials subject to the Order are not properly classified as confidential, the filing party shall file the Interim Sealing Application; provided, however, that the filing of the Interim Sealing Application shall be wholly without prejudice to the filing party's rights under ¶3 of the Order.

3. Challenging Designation of Confidentiality. A designation of confidentiality may be challenged upon motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

4. Inadvertent failure to designate Confidential Information shall not be construed as a waiver, in whole or in part, and may be corrected by the producing party by written notification to the recipient promptly upon discovery of the failure to designate.

| | |
|---|---|
| 1 | 5. Nothing in the Order shall be deemed to be a limit or waiver of the |
| 2 | attorney-client privilege, the work product doctrine, or any other relevant privilege. |
| 3 | Further, inadvertent production of privileged information shall not waive the |
| 4 | privilege.  If privileged information is inadvertently produced, the recipient agrees |
| 5 | that, upon written request from the producing party, it shall promptly return all |
| 6 | copies of documents and/or electronic media provided containing the privileged |
| 7 | information, and make no use of the privileged information. |
| 8 | 6. In the event that Plaintiff or Defendant or their counsel obtain |
| 9 | information from a third party that Plaintiff or Defendant believes in good faith to |
| 10 | be confidential, they may designate such information Confidential Information |
| 11 | pursuant to the Order and it shall be treated as such in accordance with the Order. |
| 12 | / / / / |
| 13 | / / / / |
| 14 | / / / / |
| 15 | / / / / |
| 16 | / / / / |
| 17 | / / / / |
| 18 | / / / / |
| 19 | / / / / |
| 20 | / / / / |
| 21 | / / / / |
| 22 | / / / / |
| 23 | / / / / |
| 24 | / / / / |
| 25 | / / / / |
| 26 | / / / / |
| 27 | / / / / |
| 28 | / / / / |

1    7.  Return of Confidential Information at Conclusion of Litigation.  At the
2    conclusion of the litigation, all material treated as confidential under the Order and
3    not received in evidence shall be returned to the originating party.  If the parties so
4    stipulate, the material may be destroyed instead of being returned.  The Clerk of the
5    Court may return to counsel for the parties, or destroy, any sealed material at the
6    end of the litigation, including any appeals.

7    8.  The Court shall retain jurisdiction, both before and after the entry of
8    final judgment in this case, whether by settlement or adjudication, to construe,
9    enforce, and amend the provisions of the Order.

Dated: _____, 2009           QUEST LAW FIRM

                                By _____
                                   Robert C. Robinson
                                   Attorneys for Plaintiff
                                   KATHLEEN TAYLOR

Dated: _____, 2009           MORGAN, LEWIS & BOCKIUS LLP

                                By _____/s/_____
                                   Barbara A. Fitzgerald
                                   Attorneys for Defendants
                                   JPMORGAN CHASE & CO.,
                                   JPMORGAN CHASE BANK, N.A., and
                                   CHRISTOPHER D. BYARS

                                **ORDER**

IT IS SO ORDERED.

Dated: ____8/31/09

*Patrick J. Walsh* (signature)

_____
Hon. Patrick J. Walsh

# EXHIBIT A

## AGREEMENT CONCERNING INFORMATION COVERED BY A CONFIDENTIALITY ORDER

The undersigned hereby acknowledges that I have carefully read the Order Regarding Confidentiality of Discovery Material ("Order") entered in *Kathleen Taylor v. JP Morgan Chase, JP Morgan Chase Bank N.A., and Christopher Byars*, United States District Court, Central District of California, Case No. SACV 09-0498 JVS (PJWx), and that I fully understand the terms of the Order. I recognize that I am bound by the terms of the Order, and I agree to comply with those terms. I further understand and agree that I shall be subject to the jurisdiction of the United States District Court for the Central District of California for the purposes of a contempt citation or other appropriate sanction or penalty under applicable laws and rules for violation of this Stipulation.

I declare under penalty of perjury of the laws of California and the United States of America that the foregoing is true and correct.

Dated this _____ day of _____, _____.

_____
Signed: _____

Name (please print): _____

Affiliation: _____

Business Address: _____

Telephone No.: _____

Home Address: _____

Telephone No.: _____

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21241369.1

[PROPOSED] ORDER RE CONFIDENTIALITY
CASE NO. SACV 09-0498 JVS (PJWx)

Exhibit A, Page 9